# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

WAHL CLIPPER CORPORATION,

    Plaintiff,

        v.

PRICE BEAUTY SUPPLY PTE, LTD.,

    Defendant.

No. 07 CV 50041
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Wahl Clipper Corporation ("Wahl") manufactures consumer personal care appliances and products for professional beauticians and barbers. Price Beauty Supply ("Price") was Wahl's exclusive distributor in Singapore, Malaysia, Thailand and Indonesia. Distributing Wahl's products was 98% of its business.

The relationship failed. Price says Wahl's conduct was a fraud, a breach of contract and a tort against Price. Price sued Wahl in the Eastern Division of this Court, *Price Beauty Supply PTE, Ltd. v. Wahl Clipper Corporation*, 06 C 2466 (Guzman, J.). Wahl responded with a counterclaim for declaratory relief – a declaration that its termination of the distributorship was valid under the contract.

Discovery in Judge Guzman's case proceeded. A deposition was taken of J. K. Ong, an officer of Price. A few weeks after the deposition, Wahl filed (on December 22, 2006) a complaint against Mr. Ong in the State Circuit Court alleging that it was Price that perpetrated fraud.

On January 5, 2007, Wahl asked Judge Guzman to permit it to add the state court fraud allegations to its answer as the basis for an affirmative defense. Judge Guzman said no, because

the motion to amend came "four, five months after the cutoff date for amending pleadings." Judge Guzman's ruling was made on January 9, 2007.

On February 1, 2007, Wahl filed the same claim of fraud against Price in the Circuit Court of Whiteside County. On March 5, 2007, Price removed that case to federal court. That removed cased is now before me. Price asks for dismissal or stay.

Price's argument contains no surprise. It says this suit is duplicative of another one pending for months before Judge Guzman. Duplicative suits are not favored, and the ordinary remedy is to stay them with the anticipation that resolution of the prior suit will, by virtue of *res judicata* or estoppel, result in dismissal of the second, apparently duplicative, lawsuit. *Gleash v. Yuswak,* 308 F.3d 758 (7th Cir. 2002).

Price also demands dismissal for want of proper service. Price is a Singapore entity. It urges technical objections because failure to assert them is a waiver. Finally, it says that if Wahl wants to use the sword of a lawsuit against Price, it has to do so in a Singapore court. Singapore has a sophisticated, competent commercial court system, and Wahl does business in Singapore. The fraud alleged occurred in Singapore. So, the case should be dismissed on *forum non conveniens* grounds.

Wahl responds by saying that the cases are not duplicative, because this case concerns fraud in formation of the contract between it and Price. Wahl says that the agreement between it and Price was made in significant part because Mr. Ong (whom Wahl valued), was Chairman of Price's Board. Wahl is claiming not the right to terminate, but rather the right of recision. This is a separate legal theory and, depending on the facts, may well not be compulsory counterclaim.

Wahl says that service was in accordance with state law and that it is entitled to its choice of forum.[1]

Whether service was proper depends on facts that cannot be determined here. I decline to decide the *forum non conveniens* question for several reasons.

I am staying all proceedings in this case so convenience is not a factor yet.

I enter the stay because this case could well be mooted by the decision in Judge Guzman's case, which is far more advanced than the case before me. The defendant could prevail in that case which, depending on circumstances, might resolve all issues here as a matter of law, and if not that, render the stakes in this case too small to pursue. Even if Wahl loses, it may appeal and might secure an order from the Court of Appeals allowing the issue here to be raised in defense of the claim tried by Judge Guzman.

---

[1] I hereby admonish Wahl's counsel for referring to defendant's personnel as "deceitful foreigners." The line in the brief is this: "Illinois' interest in protecting an Illinois company like Wahl from being defrauded by deceitful foreigners is certainly more tangible than any interest Singapore might have."

Whatever interest Illinois has in preventing deceit is not magnified by the fact that the alleged victim is an Illinois company or the fact that the alleged deceiver is a foreigner. The only reason that I do not do more than admonish a lawyer, whom I do not name, is the nature of the language used by opposing counsel. That language is not insulting and offensive, but it evokes inappropriate emotional appeal. According to defendant, Wahl "is a multimillion dollar corporation and an international industry leader." While Price is a "small Singaporean company [which Wahl] has started . . . down a path of financial ruin."

Price complains about the insult in its Reply and then, on the very same page, writes that "Price Beauty is a small family run company . . . . Wahl unceremoniously dumped Price beauty and left it for dead . . . much to the surprise and outrage of Wahl, Price Beauty actually had the audacity to refuse to die . . . Wahl does not take kindly to such acts of insubordination and has responded with the full force of its financial arsenal." It is truly jarring to see this language on the same page where counsel quote the civility rules of our Circuit which says, "In our dealing with others we will not reflect the ill feelings of our clients."

Finally, I am not sure that the facts which support the theory of recision are barred as evidence to justify the actions attacked in 06 C 2466 or as evidence against the claim of damages.

The motion to dismiss is denied without prejudice. The alternative motion to stay proceedings is granted.

ENTER:

_James B. Zagel_
James B. Zagel
United States District Judge

DATE: May 11, 2007